**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

        Plaintiff,

      v.

John Sheldon Pickens,

        Defendant.

**ORDER**
Criminal No. 19-314 ADM/BRT
Civil No. 23-1363 ADM

_____

John Sheldon Pickens, pro se.

_____

This matter is before the undersigned United States District Judge for a ruling on Defendant John Sheldon Pickens' ("Pickens") Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) [Docket No. 188]. Pickens requests relief from the judgment denying his 28 U.S.C. § 2255 motion. For the reasons set forth below, the Motion is denied.

In June 2021, a jury convicted Pickens of possessing at least five kilograms of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Verdict [Docket No. 90]. The Court sentenced him to a term of 138 months. Sentencing J. [Docket No. 139]. The Eighth Circuit affirmed Pickens' judgment of conviction. United States v. Pickens, 58 F.4th 983 (8th Cir. 2023).

In May 2023, Pickens filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 [Docket No. 164] ("2255 Motion"). The Court denied Pickens' § 2255 Motion, declined to issue a Certificate of Appealability, and entered judgment against him on March 22, 2024. See Mem. Op. Order [Docket No. 173]; Am. Judgment [Docket No. 175] ("March 2024 Judgment").

In April 2024, Pickens sought relief from the March 2024 Judgment by filing a Motion to Reconsider [Docket No. 176] and a Motion to Alter or Amend Judgment under Federal Rule of

Civil Procedure 59(e) [Docket No. 178].  The Court denied both motions.  See Order [Docket No. 177]; Order [Docket No. 179].

In July 2024, Pickens appealed the March 2024 Judgment to the Eighth Circuit.  See Notice Appeal [Docket No. 181].  Pickens argued that this Court's analysis of his suppression claim was legally erroneous.  See Pickens v. United States, Appellate Case No. 24-2554, Entry ID 5457569 at 5-7.  The Eighth Circuit denied Pickens' application for a certificate of appealability and dismissed the appeal.  See USCA J. [Docket No. 186].

Pickens then filed a motion to vacate the March 2024 Judgment pursuant to Rule 60(b)(1).  Repeating arguments made in his § 2255 Motion and on appeal, Pickens argued that the Court committed legal error when analyzing his suppression claim.  See Mot. at 1; Mem. Supp. Mot. [Docket No. 189] at 4-5, 7-9.  The Court denied the Motion [Docket No. 191] and the Eighth Circuit dismissed his appeal [Docket No. 199].

Pickens now files a second motion to vacate, arguing that he has evidence to support his position that the Court wrongly decided the suppression issue.  [Docket No. 200.]  He claims to have a document establishing that the tracking warrants for his cell phone were expired.  He asks the Court to vacate the March 2024 Judgment and grant a certificate of appealability on this issue.

When a defendant files a Rule 60(b) motion following the dismissal of a habeas petition, the district court should conduct a "brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under either 28 U.S.C. § 2255 or § 2254."  Boyd v. United States, 304 F.3d 813, 814 (8th Cir.2002).  A Rule 60(b) motion constitutes a successive § 2255 motion if it raises issues that were or could have

been raised in the first § 2255 motion.  United States v. Matlock, 107 F. App'x 697, 698 (8th Cir. 2004).  Conversely, a Rule 60(b) motion is not appropriately treated as a successive habeas petition if the Rule 60(b) motion attacks the integrity of the federal habeas proceedings themselves, as opposed to arguing the merits of a habeas claim.  Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

Here, Pickens' Motion raises issues that were raised in his first § 2255 proceedings.  The difference is that he now claims to have evidence supporting his contention that the tracking warrants were expired.  As noted in the Order dismissing his § 2255 Motion, however, the determination of admissibility was not dependent on validity of the tracking warrants.  See Mem. Op. Order [Docket No. 173].  As such, this Motion is another successive collateral attack under § 2255.  As previously noted, Pickens may not file a second or successive § 2255 action without first obtaining authorization from the Eighth Circuit Court of Appeals.  See Boyd, 304 F.3d at 814 ("[O]ur authorization [is] a prerequisite under 28 U.S.C. § 2244(b)(3) . . . to the filing of a second or successive habeas petition.").  Because Pickens has not complied with the authorization requirement, the Motion is dismissed.

Accordingly, **IT IS HEREBY ORDERED** that Defendant John Sheldon Pickens' Motion to Vacate Judgment Pursuant to Federal Rule of Civil Procedure 60(b) [Docket No. 200] is **DENIED**.  No certificate of appealability shall issue.

BY THE COURT:


s/Ann D. Montgomery
Dated: May 20, 2025                    ANN D. MONTGOMERY
                                       U.S. DISTRICT COURT